THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00561-FL

| | | |
|---|---|---|
| WAQAS ALI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CONSENT |
| v. | ) | DECLARATORY JUDGMENT |
| | ) | |
| VIRGINIA HOUSING | ) | |
| DEVELOPMENT AUTHORITY | ) | |
| AND TOWNE BANK, | ) | |
| | ) | |
| Defendants | ) | |

1. Plaintiff Waqas Ali ("Mr. Ali") initiated this action against Defendants Virginia Housing Development Authority ("VHDA") and Towne Bank ("the Bank") on November 20, 2019 in the North Carolina General Court of Justice, Superior Court Division, Wake County.

2. In Count Two of his complaint in this action, Mr. Ali seeks a declaratory judgment pursuant to N.C. Gen. Stat. § 1-253, et seq., North Carolina's declaratory judgment statute, that he did not incur a mortgage loan ("the Mortgage") and is not liable on it. (In Count One, he seeks other relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.).

3. On December 12, 2019, Defendant Bank removed this matter to this Court, asserting that the United States District Court, Eastern District

1

of North Carolina has original jurisdiction over Mr. Ali's Fair Credit Reporting Act claims pursuant to 28 U.S.C. §§ 1331 and 1446 and supplementary jurisdiction over Mr. Ali's request for a declaratory judgment pursuant to 28 U.S.C. § 1367(a). Plaintiff did not contest removal.

4. Having reached an agreement as to the resolution of Count Two, the parties now request that the Court enter a consent declaratory judgment regarding liability on the Mortgage.

## AGREED STIPULATIONS OF FACT

5. On or about May 31, 2018, Waqas Ali ("Borrower") and another person, Muhammad Hamza, executed a note and deed of trust in the amount of $296,530.00 for the Mortgage from lender NewTowne Mortgage, a subsidiary of the Bank.

6. In obtaining the Mortgage, the Borrower purported to have the same first name and surname as Plaintiff herein and used Plaintiff's Social Security Number ("SSN") ending in the digits 6530.

7. Plaintiff is not, however, the same person as the Borrower on the Mortgage, and the Borrower obtained the Mortgage using Plaintiff's SSN without Plaintiff's knowledge or authorization.

8. The Borrower is unknown to Plaintiff.

9. The Borrower purports to have a birth date in January 1986,

2

which is not the same as Plaintiff's birthdate.

10. The Mortgage that the Borrower obtained from NewTowne Mortgage was secured by real property located at 307 Canaan Circle, Suffolk, Virginia 23435.

11. The Suffolk County Clerk, Suffolk, Virginia, recorded the deed of trust on the Mortgage on June 4, 2018, at 10:34:07 a.m. and designated it as Instrument #180005730.

12. NewTowne Mortgage then assigned the Mortgage to Defendant VHDA.

13. Defendant Bank thereafter reported the Mortgage to the credit bureaus as an account of Plaintiff's, and identified it to the bureaus by an Account number having the last four digits 5415.

14. Defendant VHDA also reported the Mortgage to the credit bureaus as an account of Plaintiff's, and identified it to the bureaus by an Account number having the last four digits 3540.

15. When he discovered the Mortgage account on his credit reports, Plaintiff repeatedly disputed it with various credit bureaus.

16. Prior to the initiation of this lawsuit, and upon notification of Plaintiff's dispute as to the identity of the Borrower, Defendant VHDA accepted Plaintiff's SSN verification and disassociated Plaintiff's SSN with

3

the Mortgage, but Defendants cannot void the Mortgage.

## LAW

17. The North Carolina Uniform Declaratory Judgment Act provides that "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. […] The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." N.C. Gen. Stat. § 1-253 (2020).

18. The purpose of the Act is to "settle and afford relief from uncertainty concerning rights, status, and other legal regulations" between parties. Smith v. HBE Corp., 655 F. Supp. 59, 67 (E.D.N.C. 1986) (citing North Carolina Consumers Power, Inc. v. Duke Power Co., 285 N.C. 434, 446, 206 S.E.2d 178, 186 (1974)).

19. A court has subject matter jurisdiction to render a declaratory judgment under the Act when an actual controversy exists between the parties "at the time the pleading requesting declaratory relief is filed." Sharpe v. Park Newspapers of Lumberton, Inc., 317 N.C. 579, 584, 347 S.E.2d 25, 29 (1986).

20. Where the parties stipulate as to the facts, the defendants need not file an answer, nor need the court conduct a trial or hearing in order to

enter a declaratory judgment under the Act. See Nationwide Mut. Ins. Co. v. Roberts, 261 N.C. 285, 288, 134 S.E.2d 654, 657 (1964).

21. The determination as to whether to enter a declaratory judgment under this Act is left to the court's discretion. N.C. Gen. Stat. § 1-257 (2020).

22. The Act is to be "liberally construed and administered." N.C. Gen. Stat. § 1-264 (2020).

## CONCLUSIONS

23. This Court has jurisdiction over this matter.

24. At the time Plaintiff filed this action, an actual controversy existed between Plaintiff and Defendants as to whether Defendant VHDA had any enforceable legal right against Plaintiff with regard to the Mortgage.

25. Such controversy was and is still genuine, as Defendants cannot void said mortgage, and Defendants have previously reported to the CRAs that Plaintiff is liable for the Mortgage.

26. Without a public record declaratory judgment by which Plaintiff can demonstrate his non-liability on the Mortgage, Defendants or third parties might in the future undertake actions adversely affecting Plaintiff, particularly if the Borrower ceases making payments. Such actions could damage Plaintiff's reputation, impede his ability to obtain credit, and subject him to legal process and tax enforcement in the stead of the Borrower.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The parties' Joint Motion for Entry of Consent Judgment is GRANTED, and Court issues the following declaratory judgment:

> Plaintiff Waqas Ali is a different person than Waqas Ali, the Borrower on the Mortgage. The Mortgage described hereinabove is unenforceable against Plaintiff. Defendants are enjoined from reporting the Mortgage to the credit bureaus using Plaintiff's Social Security Number. VHDA is enjoined from attempting to collect on the Mortgage from Plaintiff, and should Defendant Towne Bank be in a position to pursue collection on the Mortgage in the future, Defendant Towne Bank shall not pursue collection from Plaintiff.

2. Each party shall bear its own fees, expenses, and costs.

3. Plaintiff shall serve each Defendant with a copy of this Judgment in such a manner as to make it operative in any future proceedings.

SO ORDERED, this the \_\_29th\_\_ day of _____May_____, 2020.

_____
The Honorable Louise Wood Flanagan
United States District Court

CONSENTED TO:

| | |
|---:|:---|
| Approved as to form and content: | **/s/ Suzanne Begnoche**<br>SUZANNE BEGNOCHE<br>Suzanne Begnoche, Attorney at Law<br>Attorney for Plaintiff<br>NCSB # 35158<br>P.O. Box 2035<br>Chapel Hill, NC  27515<br>Telephone: (919) 960-6108<br>Facsimile: (919) 500-5289<br>Suzanne.begnoche@begnochelaw.com |
| Approved as to form and content: | **/s/ Valyce M. Davis**<br>Valyce M. Davis<br>N.C. State Bar No. 47685<br>501 Fayetteville St.<br>Suite 500<br>Raleigh, NC 27601<br>Telephone: (919) 755-6571<br>Facsimile: (919) 755-6699<br>vdavis@mcguirewoods.com<br>*Attorney for Defendant Virginia Housing Development Authority* |
| Approved as to form and content: | **/s/ Lauren E. Fussell**<br>Lauren E. Fussell<br>NC State Bar No. 49215<br>301 Fayetteville Street, Suite 1700 (27601)<br>PO Box 1000<br>Raleigh, NC 27602<br>Telephone: (919) 981-4000<br>Facsimile: (919) 981-4300<br>lfussell@williamsmullen.com<br>Attorneys for Towne Bank |